| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |

THOMAS ELLIOT, Individually and On Behalf of All Others Similarly Situated, §§§§§

    *Plaintiff(s)*,

v.      No. _____

DC INTERNATIONAL, INC.; LINDA EARLES; and RUSSELL EARLES,

    *Defendant(s)*.

## PLAINTIFF THOMAS ELLIOT'S ORIGINAL COMPLAINT

Plaintiff Thomas Elliot (referred to as "Elliot") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants DC International, Inc. (referred to as "DC International"), Linda Earles, Russell Earles (collectively referred to as "Defendants") who were paid on a day-rate basis without overtime during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. Elliot's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. Defendants violated the FLSA by employing Elliot and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. Defendants willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

6. Elliot brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants who were paid on a day-rate basis without overtime during the past three years.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331.

8. Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Elliot's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

## III. Parties

9. Elliot is an individual who resides in Fort Bend County, Texas and who was employed by Defendants during the last three years.

10. DC International, Inc. is a Louisiana corporation that transacts business in Texas and is not a registered entity under the Texas Secretary of State. Therefore, DC International, Inc. may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11. Linda Earles is an individual who resides in Lafayette Parish, Louisiana and who may be served with process at:

> 701 Robley Drive, Suite 115
> Lafayette, Louisiana 70503

or wherever she may be found. Alternatively, Linda Earles may be served with process by serving an agent or clerk employed in her office or place of business because this action grows out of or is connected with the business she transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code § 17.021.

12. Russell Earles is an individual who resides in Lafayette Parish, Louisiana and who may be served with process at:

> 701 Robley Drive, Suite 115
> Lafayette, Louisiana 70503

or wherever he may be found. Alternatively, Russell Earles may be served with process by serving an agent or clerk employed in his office or place of business because this action grows out of or is connected with the business he transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code § 17.021.

13. An allegation that Defendants committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or

employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

14. Defendants provide services for offshore and land based drilling operations.

15. Defendants do business in the territorial jurisdiction of this Court.

16. Defendants employed Elliot from September 2017 to June 2020.

17. Defendants employed Elliot as a logistics coordinator.

18. Linda Earles and Russell Earles were also Elliot's employer—and are individually liable to him for the FLSA violations described below—because they: (1) had the authority to hire and fire DC International employees, including Elliot; (2) supervised or controlled DC International employees schedules or conditions of employment, including Elliot's schedule and/or conditions of employment; (3) determined the rate or method of payment for DC International employees, including Elliot; and/or (4) maintained Defendants employee records, including Elliot's records.

19. As a logistics coordinator, Elliot was responsible for serving as an interface between the rig and the base, tracking costs, rental times and vendor services, and maintaining equipment.

20. During Elliot's employment with Defendants, he was engaged in commerce or in the productions of goods for commerce.

21. During Elliot's employment with Defendants, the company had employees engaged in commerce or in the production of goods for commerce.

22. During Elliot's employment with Defendants, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

23. During Elliot's employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

24. Defendants paid Elliot on a day-rate basis.

25. Defendants paid Elliot on a bi-weekly basis by direct deposit.

26. During Elliot's employment with Defendants, he regularly worked in excess of forty hours per week.

27. Defendants knew or should have known that Elliot worked in excess of forty hours per week.

28. Defendants did not pay Elliot for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

29. Instead, Defendants paid Elliot on a day-rate basis without overtime.

30. Elliot was not exempt from the maximum hour requirements of the FLSA.

31. As a logistics coordinator, Elliot was a nonexempt employee.

32. As a logistics coordinator, Elliot was not compensated on a salary or fee basis.

33. As a logistics coordinator, Elliot did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

34. As a logistics coordinator, Elliot was, instead, required to follow Defendants' policies, practices and procedures.

35. As a logistics coordinator, Elliot did not have any independent authority to deviate from Defendants' policies, practices and procedures.

36. Defendants knew or should have known that Elliot was not exempt from the maximum hour requirements of the FLSA.

37. Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

38. During Elliot's employment with Defendants, the company did not maintain accurate time and pay records for Elliot as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

39. During Elliot's employment with Defendants, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

40. Defendants continued the pay practice(s) complained of by Elliot without investigation after being put on notice that the pay practice(s) violated the FLSA.

41. Defendants have a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

42. Prior to this lawsuit, Defendants conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Elliot.

43. Because Defendants willfully violated the FLSA, the company is liable to Elliot for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

44. As a result of the FLSA violation(s) described above, Defendants are liable to Elliot for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

45. All employees who were paid a day-rate without overtime and were employed by Defendants during the last three years are similarly situated to Elliot because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Defendants under 29 U.S.C. § 216(b).

## V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

46. Elliot adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

47. During Elliot's employment with Defendants, he was a nonexempt employee.

48. As a nonexempt employee, Defendants was legally obligated to pay Elliot "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

49. Defendants did not pay Elliot "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

50. Instead, Defendants paid Elliot on a day-rate basis without overtime.

51. If Defendants classified Elliot as exempt from the maximum hour requirements of the FLSA, he was misclassified.

52. As a result of the FLSA violation(s) described above, Defendants are liable to Elliot for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI.  Count Two—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

53. Elliot adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

54. Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

55. During Elliot's employment with Defendants, the company did not maintain accurate time and pay records as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

56. During Elliot's employment with Defendants, the company did not post and keep posted the notice required by 29 C.F.R. § 211 (c) and 29 C.F.R. pt. 516.

57. During Elliot's employment with Defendants, the company continued the pay practice(s) complained of by Elliot without investigation after being put on notice that the pay practice(s) violated the FLSA.

58. Defendants have a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

59. Prior to this lawsuit, Defendants conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Elliot.

60. Because Defendants willfully violated the FLSA, they are liable to Elliot for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

61. Because Defendants willfully violated the FLSA, Defendants are liable to Elliot for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII. Count Three—
## Collective Action Allegations Under 29 U.S.C. § 216(b)

62. Elliot adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

63. On information and belief, other employees of Defendants have been victimized by the FLSA violation(s) described above.

64. These employees are similarly situated to Elliot because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

65. Defendants' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

66. Since Elliot's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

67. For these reasons, Elliot requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All employees employed by DC International during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on a day-rate basis without overtime.

68. Defendants are liable to Elliot and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

69. Elliot has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on his behalf and on behalf of all other putative class members.

## VIII. Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

70. Elliot adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

71. Elliot is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

72. Elliot is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

73. Elliot has retained the professional services of the undersigned attorneys.

74. Elliot has complied with the conditions precedent to recovering attorney's fees and costs.

75. Elliot has incurred or may incur attorney's fees and costs in bringing this lawsuit.

76. The attorney's fees and costs incurred or that may be incurred by Elliot were or are reasonable and necessary.

77. Defendants are liable to Elliot and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX.  Relief Sought

78. Elliot demands the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

    b. an incentive award for Elliot for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

    c. judgment against Defendants in Elliot's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

    d. all other relief and sums that may be adjudged against Defendants in Elliot's favor both individually and on behalf of the putative class members.

Case 4:20-cv-02644   Document 1   Filed on 07/28/20 in TXSD   Page 12 of 12

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: _____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
melissa@mooreandassociates.net
Curt Hesse
State Bar. No. 24065414
Federal Id. No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
State Bar No. 24107417
Federal Id. No. 3487389
renu@mooreandassociates.net